United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Luis Trujillo Perez,<br>Defendant. | )<br>)<br>)<br>) Criminal Case No. 21-20417-CR-Scola<br>)<br>)<br>) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Luis Trujillo Perez's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(a). (Mot., ECF No. 46.) The Government has responded opposing Perez's motion. (Resp., ECF No. 51.) Perez then filed a reply in support of his motion. (Reply, ECF No. 55.) After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **denies** Perez's motion for reduction of sentence. (**Mot., ECF No. 46**.)

1. **Background**

On August 6, 2021, Perez was indicted on one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). (Indictment, ECF No. 7.) On November 3, 2021, pursuant to a plea agreement (ECF No. 17) and factual proffer (ECF No. 18), Perez pled guilty to Count One of the indictment, receipt of child pornography.

Perez's guidelines range was seventy to eighty-seven months imprisonment. The Court applied a downward variance and sentenced Perez on February 11, 2022 to sixty months' imprisonment, the mandatory minimum sentence. (Judgment, ECF No. 33.)

Perez now seeks a reduction in his sentence, arguing that he "received an excessive and disparate sentence where [his] crime reflected relatively low culpability for pornography crimes[.]" (Mot., at 6.)

2. **Legal Standard**

Perez seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A). Section § 3582(c)(1)(A) provides, in relevant part:

> [T]he court, upon motion of … the defendant … may reduce

> the term of imprisonment ..., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statement refers to U.S.S.G. § 1B1.13, which states, in part, that a "court may reduce a term of imprisonment if, as relevant here, it 'determines that . . . (2) the defendant is not a danger to the safety of any other person or to the community.'" *United States v. Tinker*, 14 F. 4th 1234, 1237 (11th Cir. 2021) (quoting § 1B1.13). Therefore, "a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *Id.* "Because all three conditions . . . are necessary, the absence of even one would foreclose a sentence reduction." *Id.* at 1237-38.

U.S.S.G. § 1B1.13 lists the "extraordinary and compelling reasons" that may warrant a sentence reduction. They include certain medical circumstances of the defendant; the age of the defendant; certain family circumstances of the defendant; whether the defendant was a victim of abuse while imprisoned; other similar reasons; and unusually long sentences. § 1B1.13 (b)(1)-(6).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

Perez specifically relies on the "other reasons" category of U.S.S.G. § 1B1.13. (*See* Pl.'s Mot. at 6 ("This motion rests on the 'other reasons' category, which allows for relief which are 'similar in gravity' to five specifically identified reasons.").) Perez argues that his case is "out of the ordinary" because his

conviction reflects "relatively low culpability," this Court was "forced to charge [him] to a mandatory minimum of five years . . ." and this Court would have issued a lower sentence but for the mandatory minimum under 18 U.S.C. § 2252(a)(2) and (b)(1). *Id.*

First, the Court finds that Perez has exhausted his administrative remedies. Perez attached his request for sentence reduction to the warden to his motion. (*See* Mot., at 30.) The Government does not dispute that Perez has exhausted his administrative remedies. (*See generally* Def.'s Resp.)

However, Perez has not met his burden to show that his circumstances are, as he claims, "similar in gravity" to the other circumstances listed in U.S.S.G. § 1B1.13. First, the Court would not have issued a lower sentence but for the mandatory minimum. The Court already varied downward from Perez's guideline range. Perez's conduct does not result in "relatively low" culpability. Perez "knowingly received on his computer at least one video . . . that shows an adult male vaginally penetrating a prepubescent female." (Factual Proffer, at 1.) He also had other child pornography "involve[ing]] a prepubescent minor and portrayed sadistic, masochistic or violent conduct." (*Id.*) Therefore, given Perez's actions that led to his imprisonment, Perez's alleged circumstances do not rise to the level of "extraordinary and compelling" circumstances warranting a sentence reduction.

Even if Perez did show "extraordinary and compelling" circumstances, the 18 U.S.C. § 3553 factors weigh against a sentence reduction. Given the facts of this case, reducing Perez's sentence would neither reflect the seriousness of Perez's offense nor respect for the law. A reduced sentence would likewise fail to adequately deter others from committing the type of crime Perez committed.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Perez's motion for sentence reduction is **denied**. (**Mot., ECF No. 46**.)

**Done and ordered** in Miami, Florida on April 22, 2025.

_____
Robert N. Scola, Jr.
United States District Judge